# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

WILLIAM ADKINS,

            Petitioner,

v.                                   CIVIL ACTION NO. 2:14-cv-27083

DENNIS DINGUS,

            Respondent.

### MEMORANDUM OPINION AND ORDER

Pending before the court is the respondent's Motion for Summary Judgment [ECF No. 20]. The Motion was referred to United States Magistrate Judge Clarke VanDervort for submission to this court of proposed findings of fact and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). On December 23, 2015, Judge VanDervort submitted his Proposed Findings and Recommendation [ECF No. 26] ("PF&R"), recommending this court to rule as follows:

1. **DISMISS** Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody [ECF No. 1] and remove this matter from the Court's docket unless Petitioner can demonstrate within the period of time allotted for objecting . . . that the Petition was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period; and

2. **DENY as moot** the respondent's Motion for Summary Judgement.

PF&R 19–20. On January 8, 2016, the petitioner, William Adkins, filed his Objection to the Magistrate's Proposed Findings and Recommendation [ECF No. 27] ("Objection"). The matter is now ripe for consideration.

**I.      Background**

On March 22, 2000, Adkins was convicted of "Murder in the First Degree with a Recommendation of Mercy" in the Circuit Court of Logan County, West Virginia. PF&R 1. On May 2, 2000, Adkins filed his Notice of Appeal with the Supreme Court of Appeals of West Virginia ("WVSCA"), and on January 24, 2001, the WVSCA refused Adkins's direct appeal. *Id*. at 2.

On October 23, 2001, Adkins filed his state Petition for a Writ of Habeas Corpus in the Circuit Court of Logan County. *Id*. The trial court denied Adkins's petition on August 9, 2011, ten years after it was originally filed. *Id*. On September 7, 2011, Adkins filed his Notice of Appeal with the WVSCA. *Id*. at 8. On November 21, 2013, the WVSCA denied his state habeas appeal, and the WVSCA subsequently denied Adkins's Petition for Rehearing on January 28, 2014. *Id*. at 9. Adkins filed a Petition for a Writ of Certiorari with the United States Supreme Court, which was denied on June 16, 2014. *Id*. Adkins filed a habeas petition in federal court on October 22, 2014, pursuant to 28 U.S.C. § 2254. *Id*.

**II.     Legal Standard**

The Anti-Terrorism and Effective Death Penalty Act of 1996 governs all federal habeas corpus petitions filed after April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320 (1997). When a petitioner wishes to file a federal habeas petition to seek relief from an alleged improper state conviction ("§ 2254 petitions"), he must do so within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). If a petitioner does not petition for a writ of certiorari in the United States Supreme Court upon the denial of direct review by his state's

2

highest court, then the one-year limitation period begins to run ninety days after judgment is entered by the state's highest court. *See Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). This one-year statute of limitations is not tolled during the pendency of a petition for a writ of certiorari in the United States Supreme Court seeking review of denial of state post-conviction relief. *Lawrence v. Florida*, 549 U.S 327, 332 (2007). In other words, the limitations period is tolled when a petition for a writ of certiorari is based on the denial of a direct appeal but not when based upon the denial of a state habeas petition. *Id*. at 332 ("[The Supreme Court] is not a part of a 'State's post-conviction procedures.' State review ends when the state courts have finally resolved an application for state post[-]conviction relief." (quoting *Carey v. Saffold*, 536 U.S. 214, 220 (2002))).

The court is permitted to consider the statute of limitations defense sua sponte when the defense is plain from the face of the petition. *Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition.").

Even when a petitioner files his § 2254 petition outside of the filing deadline, he may be entitled to equitable tolling. To receive equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*, 549 U.S. at 336 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). In applying this standard, the United States Supreme Court held that "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the post[-]conviction context where prisoners have no constitutional right to counsel." *Id*. at 336–37.

When a magistrate judge issues a recommendation on a dispositive matter, the court

reviews de novo those portions of the magistrate judge's report to which specific objections are filed. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). When a party files an objection that is too general or conclusory to focus attention on any specific error supposedly committed by the magistrate judge, the court need not conduct a de novo review. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Moreover, when a party fails to object to a portion of the magistrate judge's report, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *See Id*. at 315.

## III. Discussion

Adkins does not object to the Judge VanDervort's date calculations in the PF&R. Accordingly, the court takes as conceded that the deadline to file his § 2254 petition was August 8, 2014. *See* PF&R 17; *see also* Obj. 2 ("Petitioner does not deny the fact that the instant Section 2254 Application was filed on October 22, 2014. However, the date of the filing was based upon the advice or misadvise [sic] of habeas counsel. . . .").

While Adkins acknowledges that his Petition was filed out of time, he argues that extenuating circumstances justify applying equitable tolling. Adkins states that he did not learn of the WVSCA's denial of his direct appeal until approximately nine months after its decision was issued. Obj. 2. Adkins states that his hired counsel informed him that the WVSCA inadvertently failed to mail a copy of its Order. *Id*. Adkins acknowledges, though, that "[he] cannot say with any degree of certainty whether [his attorney] did receive the denial and simply

4

forgot to mail it to [him] or whether the West Virginia Court of Appeals [sic] was actually at fault." *Id*. at 2. The court is not persuaded by this argument.

Even assuming, *arguendo*, the WVSCA did not provide Adkins with notice of its denial of his direct appeal, despite the delayed notice, Adkins timely filed his state habeas petition with the Circuit Court of Logan County, tolling the statute of limitations period for his § 2254 petition. The statute of limitations did not begin to run again until he exhausted his state court remedies, which occurred on January 28, 2014. From that date, Adkins had until August 8, 2014, to file his § 2254 petition—some six months later. Adkins's argument that he did not receive timely notice from the WVSCA regarding its denial of his direct appeal is simply irrelevant because he successfully tolled the statute of limitations for filing his § 2254 petition at the time he filed his state habeas petition, leaving him with over six months to file his § 2254 petition.

Next, Adkins argues that equitable tolling should apply because his habeas counsel advised him that the one-year statute of limitations was tolled while his Petition for a Writ of Certiorari regarding his state habeas petition was pending with the United States Supreme Court. Obj. 2. This is precisely the situation discussed in *Lawrence*: "Lawrence argues that his counsel's mistake in miscalculating the limitations period entitled him to equitable tolling. If credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline." *Lawrence*, 549 U.S. at 336. Accordingly, Adkins's reliance on his attorney's advice does not justify applying equitable tolling in this matter.

Adkins does not articulate any other reason to explain his failure to timely file his § 2254 petition. Accordingly, the court **FINDS** that Adkins has failed to demonstrate extraordinary circumstances to trigger the application of equitable tolling. Thus, the Petition [ECF No. 1] is

**DISMISSED**, and the respondent's Motion for Summary Judgment [ECF No. 20] is **DENIED as moot**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:       February 23, 2016

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE